# UNITED TECHNOLOGIES CORPORATION v DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES, etc.

### Case No. 89-3432

Second Judicial Circuit, Leon County

October 3, 1989

## APPEARANCES OF COUNSEL

Talbot D'Alemberte, Donald M. Middlebrooks, Emily Wheeler, Adalberto Jordan, Steel Hector & Davis, and Steven J. Uhlfelder, for plaintiff.

H. Michael Madsen, John H. French, Jr., Stephen W. Metz, Messer, Vickers, Caparello, French & Madsen, for Gordon-Darby, Inc.

Martha W. Barnett, Harry R. Detwiller, Jr., Lawrence P. Stevenson, Holland & Knight, for Systems Control, Inc.

Deborah A. Getzoff, Fowler, White, Gillen, Boggs, Villareal and Banker, P.A., for MARTA, Inc.

Jon Whitney, General Counsel, and Kelvin Robinson, Bureau Chief, for defendant, Department of Highway Safety and Motor Vehicles.

## OPINION OF THE COURT

J. LEWIS HALL, JR., Circuit Judge.

## ORDER GRANTING PLAINTIFF'S REQUEST FOR DECLARATORY RELIEF AND FINDING BOND REQUIREMENT INAPPLICABLE

This cause having come to be heard upon plaintiff's Emergency Complaint to Enforce the Florida Public Records Act and Declaratory Judgment Action, plaintiff's Motion for Injunctive Relief on the Public Records Act, etc., and defendant's Response to Emergency Complaint and Motion to Dismiss Emergency Complaint, and intervenors Systems Control's and Gordon Darby's Memoranda of Law, and having heard argument of counsel of record and being otherwise fully advised in the premises, the Court finds as follows:

1. Fla. Stat. § 325.208(2) expressly requires a bond of $500,000 as a condition precedent to challenging an "awarded" contract, and not as a condition precedent to instituting pre-award proceedings.

2. Defendant, the Department of Motor Vehicles, has attempted to enforce the bond requirement in these pre-award proceedings, contrary to the plain language of § 325.208(2).

3. Defendant has also attempted to convert a bond of $500,000 into a bond of $2.5 million by interpreting § 315.08(2) so as to require a bond for each contract zone being challenged.

4. Defendant's actions raise serious constitutional and statutory questions, including whether the bond requirement (as interpreted by defendant) violates plaintiff's right of access to the courts and right to due process or violates the nondelegation and separation of powers doctrines.

5. The constitutional and statutory questions need not be addressed at this time, for the Court finds that the bond requirement of § 325.208(2) is inapplicable to pre-award proceedings. The Court expresses no opinion as to whether the bond requirement would be applicable (or constitutional) if applied to a challenge of an actual contract award.

It is accordingly

ORDERED that plaintiff is not required to post bonds in order to challenge proposed recommendations of contract awards;

ORDERED that defendant allow plaintiff to proceed with its protests without having to meet the bond requirement;

ORDERED that the bonds previously filed with defendant be cancelled and returned to plaintiff.

DONE AND ORDERED this 3rd day of October, 1989, in Tallahassee, Leon County, Florida.